IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GAIL W. KAHLE, Executor for the
Estate of John William Diehl,

    Plaintiff,

v.                                       Civil Action No. 5:09CV78
                                                (STAMP)

APP PHARMACEUTICALS, LLC,
BAXTER HEALTHCARE CORPORATION,
BECTON DICKINSON AND COMPANY,
HOSPIRA WORLDWIDE, INC. and
JOHN DOE CORPORATIONS 5 THROUGH 20
(fictitious),

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT HOSPIRA WORLDWIDE, INC.,
GRANTING APP PHARMACEUTICALS, LLC'S
MOTION FOR SUMMARY JUDGMENT AND
DISMISSING WITHOUT PREJUDICE
JOHN DOE CORPORATIONS 5 THROUGH 20**

I.   Procedural History

    The plaintiff, Gail W. Kahle,[1] filed the above-styled civil action alleging that the decedent in this case was injured as a result of exposure to a single low-dose heparin "lock flush." The complaint states claims for strict liability, negligence, breach of warranty, negligent misrepresentation, fraud by concealment, wrongful death against defendants Hospira Worldwide, Inc. ("Hospira"); APP Pharmaceuticals, LLC ("APP Pharmaceuticals");

---

    [1]Mr. Kahle is the Executor for the Estate of John William Diehl, the decedent in this case.

Baxter Healthcare Corporation;[2] Becton, Dickinson and Company;[3] and John Doe Corporations 5 through 20.[4] Currently before this Court is defendant Hospira's fully-briefed motion for summary judgment. Defendant APP Pharmaceuticals also filed a motion for summary judgment, to which the plaintiff responded, and the defendant filed a reply. For the reasons set forth below, both defendant Hospira's and defendant APP Pharmaceuticals' motions for summary judgment are granted.

## II. Facts

On or about March 29, 2007, the decedent was admitted to Wheeling Hospital for the treatment of an intracerebral hemorrhage. At that time, according to the medical records, the decedent was administered a single low-dose heparin "lock flush" that was

---

[2]Defendant Baxter Healthcare Corporation was dismissed without prejudice on July 21, 2009, through a stipulation of dismissal entered into between the parties.

[3]Defendant Becton, Dickinson and Company was dismissed with prejudice on February 16, 2010, through a stipulation and dismissal order.

[4]Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice if a "defendant is not served within 120 days after a complaint is filed." In cases removed from state court, the plaintiff has 120 days after the date of removal to complete service. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 5:264 (The Rutter Group 2008). This case was removed on July 9, 2009. Accordingly, the 120-day deadline for proof of service has expired. Nevertheless, the plaintiff has not moved to amend the complaint to identify John Doe Corporations 5 through 20, nor served these unnamed defendants with summons within 120 days. Additionally, the plaintiff has not requested this Court to extend the period in which to name the defendants. Therefore, it is ordered that defendants John Doe Corporations 5 through 20 be dismissed without prejudice as defendants in this action.

allegedly used to "flush" his intravenous line ("IV").[5] Following the administration of this heparin, the plaintiff alleges that the decedent developed a condition known as heparin-induced thrombocytopenia ("HIT"), and as a result, suffered adverse HIT reactions, including gangrene and deep vein thrombosis. The plaintiff alleges that these complications, caused by the heparin manufactured by the defendants, directly and proximately exacerbated the decedent's death.

Because the plaintiff alleged in his complaint that all of the originally-named defendants manufactured the heparin to which the decedent was exposed, this Court entered a limited scheduling order. Particularly, the parties were directed to complete discovery on the limited issue of identifying the alleged heparin-containing medication or medical devices used on the decedent during his stay at Wheeling Hospital. Documents produced during discovery demonstrate that Wheeling Hospital purchased lock flush heparin products from both Hospira and APP Pharmaceuticals prior to the decedent's admission and treatment. Wheeling Hospital's 30(b)(6) representative, Mr. Robert J. Coram, Senior Administrator, however, testified that the sales records may not reflect all of the heparin products in the hospital's inventory as of a given date. Furthermore, Mr. Coram testified that the actual shelf life

---

[5]Heparin is an anticoagulant that is used to prevent the formation of blood clots and the extension of existing clots. Heparin is also used to flush IV lines to maintain catheter patency.

3

of any given heparin product is at least two years, if not longer. Upon reviewing the records, Mr. Coram testified that he was unable to determine if Hospira's or APP Pharmaceuticals' heparin lock flush products were used on the decedent.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of

fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 812 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

### A. Defendant Hospira's Motion for Summary Judgment

In support of its motion for summary judgment, Hospira claims that the plaintiff's complaint must be dismissed because he has failed to establish causation. Specifically, Hospira contends that

the plaintiff has not demonstrated that the product administered to the decedent was either manufactured or sold by Hospira.

The plaintiff responds that given the fact that the hospital purchased Hospira heparin in the weeks prior to the decedent's hospital admittance, it is more likely than not that Hospira heparin was used in the decedent's treatment. The plaintiff relies on <u>Roehling v. Nat'l Gypsum Co. Gold Bond Bldg Prods.</u>, 786 F.2d 1225 (4th Cir. 1986), to argue that despite not being able to particularly identify an exact manufacturer of a product, evidence that two manufacturer's products were used in an area is enough to defeat a defendant's summary judgment motion.

After a thorough review of the record, this Court holds that summary judgment is appropriate. It is well-established that a defendant is liable only when its act or omission caused injury to the plaintiff. <u>Atkinson v. Harman</u>, 158 S.E.2d 169, 172 (W. Va. 1967). Indeed, in a products liability case, such as this, the plaintiff must prove that a causal link exists between the injury and a defect in the defendant's product. <u>White v. Dow Chem. Co.</u>, 2007 WL 6948824, at *3 (S.D. W. Va. Nov. 29, 2007) (unpublished), <u>aff'd</u>, <u>White v. Dow Chem. Co.</u>, 321 F. App'x 266 (4th Cir. 2009). "[P]roof of causation must be such as to suggest 'probability' rather than mere possibility." <u>Id.</u> For instance, in <u>White v. Dow Chem. Co.</u>, 2007 WL 6948824, the plaintiff argued that the decedent's death was caused by exposure to a chemical produced by Dow Chemical Company and Dow Agrosciences, two manufacturers out of

several, who supplied herbicides to the decedent's employer. After product discovery, the defendants argued that the plaintiff failed to establish that the decedent was exposed to chemicals specifically produced by them. Id. The court agreed:

> In this case, there is simply no evidence that [the decedent] was ever exposed to Dow products. All that is known is that [the decedent] may have been exposed to a variety of herbicides and pesticides while in [the employer's] employ. As mentioned above, [the employer] purchased chemical herbicides and pesticides from a variety of suppliers including E.I. du Pont de Nemours, Monsanto, Amchem, Union Carbide, Drexel, Elanco, Velsicol, BASF, SSI Maxim, Rhone-Poulenc, and Nufarm-Riverdale and the Dow defendants. That fact neither establishes exposure to a Dow product nor subjects Dow to liability . . . As a result, the plaintiff cannot make a prima facie showing of causation.

Id. at *5.

Here, the plaintiff has similarly failed to demonstrate that the product administered to the decedent was manufactured or sold by Hospira. Medical records fail to demonstrate that Hospira products were administered to the decedent. Furthermore, although Hospira products were purchased prior the decedent's treatment, this does not establish the necessary causal link between Hospira's heparin and the decedent's injuries. Rather, it only suggests a mere possibility that the decedent may have been exposed to this product. The decedent, however, could also have been exposed to a heparin product supplied by one of the other suppliers to Wheeling Hospital, including APP Pharmaceuticals, or possibly one of the defendants already dismissed from this case. Accordingly, the

7

plaintiff fails to establish that Hospira's product proximately caused the decedent's injuries.

Furthermore, this Court does not find the plaintiff's reliance on <u>Roehling v. Nat'l Gypsum Co. Gold Bond Bldg Prods.</u>, 786 F.2d at 1225, to be controlling in this case. In that case, as Hospira recognizes, inferences established that the plaintiff "was in the same limited area as those witnesses who can identify defendants' products as causing the asbestos dust in that area." <u>Id.</u> at 1229. No such inferences exist in the civil action currently before this Court. Accordingly, Hospira's motion for summary judgment must be granted.

B.  <u>Defendant APP Pharmaceuticals' Motion for Summary Judgment</u>

In this motion for summary judgment, APP Pharmaceuticals argues, identically to Hospira, that the plaintiff cannot prove proximate cause because there exists no evidence that the decedent received a heparin product manufactured by APP Pharmaceuticals. The plaintiff raises the same arguments in its response that it raised in response to Hospira's motion for summary judgment. For the same reasons as discussed above, this Court finds that the plaintiff has not proven the necessary causal link between APP Pharmaceuticals' heparin product and the decedent's injury. Accordingly, APP Pharmaceuticals' motion for summary judgment is granted.

V. <u>Conclusion</u>

For the reasons set forth above, the motion for summary judgment of defendant Hospira Worldwide, Inc. is GRANTED; defendant APP Pharmaceuticals LLC's motion for summary judgment is GRANTED; and John Doe Corporations 5 through 20 are DISMISSED WITHOUT PREJUDICE. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: June 21, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE