IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GAIL W. KAHLE, Executor for the
Estate of John William Diehl,

    Plaintiff,

v.                                          Civil Action No. 5:09CV78
                                                    (STAMP)

APP PHARMACEUTICALS, LLC,
BAXTER HEALTHCARE CORPORATION,
BECTON DICKINSON AND COMPANY,
HOSPIRA WORLDWIDE, INC. and
JOHN DOE CORPORATIONS 5 THROUGH 20
(fictitious),

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND
AND/OR ALTER THE COURT'S JUNE 21, 2010
OPINION AND ORDER OF DISMISSAL**

I.   Background

The plaintiff, Gail W. Kahle,[1] filed the above-styled civil action alleging that the decedent in this case was injured as a result of exposure to a single low-dose heparin[2] "lock flush" used to treat the decedent for an intracranial hemorrhage. The complaint states claims for strict liability, negligence, breach of warranty, negligent misrepresentation, fraud by concealment, wrongful death against defendants Hospira Worldwide, Inc. ("Hospira"); APP Pharmaceuticals, LLC ("APP Pharmaceuticals");

---

    [1]Mr. Kahle is the Executor for the Estate of John William Diehl, the decedent in this case.

    [2]Heparin is an anticoagulant that is used to prevent the formation of blood clots and the extension of existing clots. Heparin is also used to flush IV lines to maintain catheter patency.

Baxter Healthcare Corporation; Becton, Dickinson and Company; and John Doe Corporations 5 through 20.[3]

On June 21, 2010, this Court granted defendant Hospira's and defendant APP Pharmaceuticals' motions for summary judgment, and the case was closed. Currently before this Court is plaintiff's motion to amend and/or alter the Court's June 21, 2010 opinion and order of dismissal. Defendant Hospira filed a response in opposition, to which the plaintiff filed a reply. For the reasons set forth below, the plaintiff's motion to amend and/or alter the court's June 21, 2010 opinion and order of dismissal is denied.

## II. Applicable Law

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see

---

[3]Defendants Baxter Healthcare Corporation, Becton, Dickinson and Company, and John Doe Corporations 5 through 20 were dismissed without prejudice as defendants in this action.

also <u>Robertson v. Yamaha Motor Corp., USA</u>, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, a "motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." <u>Prudential Securities, Inc. v. LaPlant</u>, 151 F.R.D. 678, 679 (D. Kan. 1993).

III. <u>Discussion</u>

The plaintiff argues that this Court's opinion, as it relates to Hospira, is incorrect. In support of this argument, the plaintiff states the following: (1) the Court misunderstood the evidence and the plaintiff's arguments concerning the manufacture and sale of the heparin product and incorrectly concluded that the plaintiff failed to establish that Hospira's product proximately caused the decedent's injuries; and (2) the Court's decision to grant Hospira's motion for summary judgment constitutes a clear error of law because all the facts were not taken in a light most favorable to the plaintiff.

In response to the plaintiff's motion to amend, Hospira filed a motion in opposition alleging that the plaintiff improperly asks the Court for another opportunity to argue his opposition to Hospira's motion for summary judgment. Hospira claims that the Court properly concluded that the plaintiff had not demonstrated any probability of the necessary causal link between the decedent's alleged injuries and any heparin product manufactured by Hospira or

3

APP Pharmaceuticals.  Additionally, Hospira argues that the plaintiff failed to reference new facts, new law, or changed circumstances that would support a motion to alter or amend.

The plaintiff's reply brief in support of his motion to amend and/or alter emphasizes his argument that the Court misapplied the summary judgement standard, creating both a clear error of law and a manifest injustice.  The plaintiff further contends that the Court misunderstood and misapplied the facts of the case.

Upon review of the plaintiff's arguments, this Court finds no cause to reconsider its original order.  This Court has not misapprehended the plaintiff's position or misinterpreted the applicable law or facts in this case.  Further, the plaintiff has not presented any new evidence to persuade this Court to alter its decision.  Thus, the plaintiff's motion must be denied.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to amend and/or alter the court's June 21, 2010 opinion and order of dismissal is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:      August 26, 2010


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE